IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Ulysses Harcum,<br>  Plaintiff,<br><br>v.<br><br>Suzanne P. Kirby,<br>  Defendant. | )<br>)<br>)<br>)  1:16cv962 (GBL/MSN)<br>)<br>)<br>) |

MEMORANDUM OPINION AND ORDER

This Matter comes before the Court upon review of an initial complaint filed by Ulysses Harcum, a Virginia inmate acting pro se. Plaintiff seeks monetary damages and injunctive relief pursuant to 42 U.S.C. § 1983 from the defendant, a court reporter who has refused to provide plaintiff with a free copy of a transcript. Plaintiff has applied to proceed in forma pauperis in this action. After careful review of the complaint, the action must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.[1]

---

[1] Section 1915A provides:

 (a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

 (b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
   (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
   (2) seeks monetary relief from a defendant who is immune from such relief.

1

**I.**

Plaintiff alleges that on December 7, 2015, he wrote to Kirby Court Reporting in Chesapeake, Virginia to obtain a copy of the transcript of proceedings from January 17, 2013 in his case number CR12-1374.[2] The reporter, defendant Suzanne Kirby, responded that plaintiff would have to pay $2.00 per page for the 217-page transcript. Plaintiff asserts that he does not have the money to do so because he is indigent.

In June, 2016, Ms. Kirby wrote to plaintiff that she would send him a PDF of the transcript if his family members or friends would cover the printing cost. Plaintiff informed defendant that he has no means to provide money for anything, nor does he have access to a computer because he is confined in a Level 5 facility "which lost [his] transcript copy of 1-17-13 which [he] needs to perfect [his] appeal by showing proof of his claims of prejudice on appeal." Compl. at 5. Plaintiff alleges that although he informed Ms. Kirby of his indigent status and suggested that she check with the court to verify his indigence, she nonetheless "refused to surrender [his] transcripts." The sole named defendant is Ms. Kirby, and as relief plaintiff seeks a copy of the transcript at issue and an award of $2,000 "for pain and suffering and mental anguish," although he states that he will "settle for $500 ... or the transcript." Id.

**II.**

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is

---

[2] Although plaintiff is confined at Wallens Ridge State Prison, which is located in the Western District of Virginia, the defendant is located in the Eastern District of Virginia. Thus, venue is appropriate in this district. See 28 U.S.C. § 1391.

determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998); Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard, id., and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level...". Twombly, 550 U.S. at 55. Moreover, a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S. Ct. at 1949-1950.

### III.

To state a cause of action under § 1983, a plaintiff must allege facts indicating that he was deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42 (1988). Here, even liberal construction of plaintiff's allegations fail to reveal a redressable § 1983 claim.

It is established in this circuit that an indigent defendant is not entitled to copies of court documents or transcripts at government expense "merely to comb the record in the hope of discovering some flaw." United States v. Gallo, 1988 WL 60934, at *1 (4th Cir. May 31, 1988) (citing United States v. Glass, 317 F.2d 200, 202 (4th Cir. 1963)); United States v. Shoaf, 341

F.2d 832, 833-35 (1964). Although an indigent defendant is constitutionally entitled to a free "transcript of prior proceedings when that transcript is needed for an effective defense or appeal," Britt v. North Carolina, 404 U.S. 226, 227 (1971), there is no constitutional requirement that an indigent who wishes to collaterally attack a conviction or sentence must be supplied with transcripts at government expense absent a showing of a "particularized need" for the documents. United States v. MacCollum, 426 U.S. 317, 323-30 (1976) (federal habeas statute permitting district judge to deny free transcript to indigent defendant raising frivolous claim in petition for collateral relief does not violate the Constitution); Gallo, 1988 WL 60934, at *1; Morin v. United States, 522 F.2d 8, 9 (4th Cir. 1975) (indigent inmate is entitled to a copy of his trial transcript only upon a showing of a particularized need). In addition, in general there is no statutory requirement that entitles a defendant to receive transcripts free of charge in post-appeal proceedings. United States v. Groce, 838 F. Supp. 411 (E.D. Wis. 1993).

Here, there is no indication that plaintiff has yet filed a collateral challenge to his conviction or sentence, and without a habeas petition having been filed, "[t]o grant this request [for a transcript] at this juncture would only encourage a 'fishing expedition'" by the plaintiff. United States v. Anderson, No. 2:94cr163, 1997 WL 138970 (E. D. Va. Mar. 14, 1997). Moreover, plaintiff makes no showing of a particularized need for the transcript he seeks. As the Constitution does not require that an indigent be supplied with a transcript for use in a collateral proceeding absent a particularized need, Britt, 404 U.S. at 227, plaintiff at present states no claim for relief under §1983. West, 487 U.S. at 42.

Under other circumstances, plaintiff in deference to his pro se status would be given an opportunity to particularize and amend his allegations, to attempt to state a cognizable § 1983

4

claim. Here, however, such a step would be futile, because plaintiff has chosen an inappropriate avenue for the relief he seeks. In general, before a court can order the clerk to provide a litigant with copies of court documents at government expense, he must take the following steps: (1) file a petition for a writ of habeas corpus or other collateral relief; (2) obtain a court order allowing him to proceed in forma pauperis; (3) file a request for the documents in the same court where the habeas application has been filed; and (4) provide a sufficient explanation of his need for the documents to allow the court to determine whether it is necessary to provide them. United States v. Mitchell, 2008 WL 824226 (M.D. Fla. Mar. 26, 2008). In this case, where there is no indication that plaintiff has filed an application for collateral relief, these requirements clearly have not been met. Further, once such an application is filed, the appropriate avenue to seek a copy of the transcript plaintiff allegedly needs is to request it from the court from which collateral relief is sought. Id.

Accordingly, it is hereby

ORDERED that this action be and is DISMISSED WITH PREJUDICE for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1); and it is further

ORDERED that plaintiff is advised that, pursuant to 28 U.S.C. § 1915(g),[3] this dismissal may affect his ability to proceed in forma pauperis in future civil actions; and it is further

---

[3] 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

ORDERED that the Clerk record this dismissal for purposes of the Prison Litigation Reform Act; and it is further

ORDERED that plaintiff's application to proceed in forma pauperis (Docket # 2) be and is DENIED as moot.

This is a final order for purposes of appeal. To appeal, plaintiff must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. See Fed. R. App. P. 4(a). A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court.

The Clerk is directed to send of copy of this Order to plaintiff and to close this civil case.

Entered this 13th day of December 2016.

Alexandria, Virginia

/s/
Gerald Bruce Lee
United States District Judge